U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG - 3 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LESTER DAVIS,<br>  Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV03-1490-A |
| VERSUS | |
| C/O MAYRAN, et al.,<br>  Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed by Lester Davis ("Davis") pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Lester Davis ("Davis") on August 7, 2003, and amended on November 26, 2003 (Doc. Item 9). The named defendants are Toby Mayran ("Mayran")[1] and Charles Christy ("Christy"), both correctional officers employed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana in February 2003. Davis alleges in his complaint that, while he was incarcerated at the WCC on about February 15, 2003, he was driven to the hospital for a post-surgical check-up by Christy and Mayran, who "showed little concern for [Davis'] well-being" because they stopped at a Burger King restaurant and a store on the way to the hospital while Davis was "laying on the seat hand cuffed waiting in pain." Davis further alleges that Christy, who was driving, took off at high speed then

---

[1] Mayran is referred to as "Maynard" in Christy's motion for summary judgment (Doc. Item 23).

braked suddenly, about three times, causing Davis to hit his head and knee and suffer "great pain" in his stomach where he had his surgery. Davis further alleges they returned to the prison very late, causing him to miss his medication at pill call, and that the entire event caused his blood pressure to go up for several days. For relief, Davis asks for monetary damages.

Mayran was never served; at the time service was attempted, Mayran was on active duty with the National Guard and had been deployed to Kuwait and Iraq for 12 to 14 months (Doc. Item 16). Accordingly, it is recommended that the complaint against Mayran be dismissed without prejudice for failure to effect service, pursuant to Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Christy answered the complaint (Doc. Item 18) and filed a motion for summary judgment (Doc. Item 23), with an affidavit and statement of undisputed facts. Davis filed a brief in opposition to Christy's motion (Doc. Item 25). Christy's motion for summary judgment is now before the court for disposition.

## Law and Analysis

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that

a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury

could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1959). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

Christy's Liability

Davis alleges Christy drove the prison van in a reckless manner which caused Davis to be thrown around in his seat and suffer pain. Davis further alleges that, after they left the hospital, Christy returned him to WCC too late to receive his medication.

When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs, e.g., food, clothing, shelter, medical care, and

4

reasonable safety, it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him but from the limitation which it has imposed on his freedom to act on his own behalf. Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996), and cases cited therein. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. In making this determination in the context of prison conditions, a court must ascertain whether the officials involved acted with deliberate indifference to the inmates' health or safety. We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious. Hope v. Pelzer, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), and cases cited therein.

1. No Injury

Davis contends in his complaints and defendants show, through the affidavit of Patricia Thomas, the health administrator at WCC, that Davis underwent surgery to repair an abdominal hernia on February 5, 2003, and the staples were removed from the incision area on February 14 (Doc. Items 1, 9, 23-Ex. 2). Defendants further show that Davis was involved in an inmate fight on February

14, but an examination did not reveal any injuries. Defendants and Davis further show that Davis complained of having injured his stomach on his cell door on February 15, 2003, and declared a medical emergency. Thomas' affidavit and Davis' medical records (Doc. Item 23, Ex. 5) show that the staff nurse did not find anything visibly wrong with Davis' stomach on February 15 but, out of an abundance of caution, scheduled Davis to visit a doctor at E.A. Conway Hospital later that day (Doc. Item 23, Ex. 2). Thomas' affidavit states the doctor noted Davis' complaints of abdominal wall pain but did not impose any restrictions on Davis or prescribe any medication (Doc. Item 23, Ex. 2). Thomas further shows in her affidavit that Davis also complained of tenderness to his abdomen on February 22, 2003, after receiving a "hard lick" to that area; on March 30, 2003, the doctor noted that Davis did not have any nausea, vomiting, diarrhea, constipation, or abdominal swelling, despite his complaints of abdominal pain (Doc. Item 23, Ex. 2; Doc. Item 9, Exs.).

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. See 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The "physical injury" required by § 1997e(e) must be more than de minimis, but need not be significant. Harper v. Showers, 174 F.3d

6

716, 719 (5th Cir. 1999), citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Since Davis' medical records show he did not suffer a physical injury, Davis' claim for emotional damages is meritless.

2. Claims Against Christy

Davis also contends Christy failed to seatbelt him and then drove in a reckless manner which caused him pain. At least one court has held that a failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension. Dexter v. Ford Motor Co., 92 Fed.Appx. 637, 640-641 (10th Cir. 2004). In Dexter, an inmate sued a prison for severe injuries sustained in an accident allegedly caused by an officer's reckless driving when the inmate was not wearing a seatbelt. The court stated,

> "[A]n Eighth Amendment claim based on failure to insure inmate safety must allege a risk that has been variously described as 'life-threatening,' Helling, 509 U.S. at 33, 'sufficiently serious,' Farmer, 511 U.S. at 834, 'substantial,' id., 'excessive,' id. at 837, and 'sure or very likely to cause' serious injury. Helling, 509 U.S. at 33....The connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis. The risk of a motor vehicle accident is dependent upon a host of factors unrelated to the use of seatbelts, viz., vehicular condition, time of day, traffic, signage, warning lights, emergency circumstances, weather, road conditions, and the conduct of other drivers. The eventuality of an accident is not hastened or avoided by whether an inmate is seatbelted."

See also, Carrasquillo v. City of New York, 324 F.Supp.2d 428 (S.D.N.Y. 2004) (handcuffed, non-seatbelted prisoner injured in a bus accident while being transported to court did not allege a

7

constitutional claim against prison officials for his alleged injuries).

In the case at bar, Davis alleges his pain was caused by both the lack of a seatbelt and the reckless manner in which Christy drove the van. However, Christy shows, in his affidavit, that, when Davis was placed in the van, he refused to wear the seatbelt. Christy further shows in his affidavit that he drove to and from the hospital "in a reasonable and responsible manner and did not at any time operate said vehicle in a reckless manner" (Doc. Item 23, Ex. 1). Davis has not refuted Christy's affidavit with any summary judgment evidence, nor has he denied that he refused to wear his seatbelt. Given the fact that Davis did not have any injuries when he was examined at the hospital, as well as the fact that Davis did not make a sick call or declare an emergency after he returned to the prison, Davis' claim that Christy drove the van in a reckless manner calculated to cause Davis harm is not supported by any evidence and does not state a constitutional claim cognizable under Section 1983.

Therefore, Davis' claim against Christy should be dismissed as meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Christy's motion for summary judgment be GRANTED and that Davis' action be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Davis' complaint against Mayran be DISMISSED WITHOUT PREJUDICE for failure to effect service, pursuant to Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

9